UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KHI LIQUIDATION TRUST and SMS
FINANCIAL J, LLC,

    Plaintiffs,

v.                                            Case No: 8:17-mc-133-T-35JSS

S & T PAINTING,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Motion for Proceedings Supplementary to Execution, to Implead Third Party, and for Issuance of Statutory "Notice to Appear" ("Motion") (Dkt. 2), filed by SMS Financial J, LLC ("SMS"), the assignee of a judgment entered in favor of KHI Liquidation Trust ("KHI") against S & T Painting, Inc. For the reasons that follow, the Motion is granted in part and denied in part, without prejudice.

## BACKGROUND

In September 2011, the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court") entered judgment in favor of KHI against S & T Painting, Inc. ("Judgment") in the bankruptcy case of Kimball Hill, Inc. (Dkt. 1.) KHI assigned its rights, title, and interest in the Judgment to SMS, and the Bankruptcy Court entered an Assignment of Judgment on January 8, 2018. (*Id.*) On December 11, 2017, KHI registered the Judgment with this Court (Dkt. 1), and SMS filed a judgment lien certificate with Florida's Secretary of State on January 25, 2018 ("Judgment Lien Certificate"). (Dkt. 2, Ex. A.)

SMS's manager avers that S & T Painting, Inc. has failed to satisfy the Judgment. (Dkt. 2, Ex. B ¶ 7.) SMS contends that S & T Painting, Inc. was administratively dissolved in September

2015 and is no longer in business. (Dkt. 2 ¶ 8; Dkt. 2, Ex. D.) S & T Painting Enterprises, Inc. was registered in October 2010, six months after the underlying action was filed in Bankruptcy Court. (Dkt. 2 ¶¶ 6–7; Dkt. 2, Ex. C.) Anthony Savarese, the registered agent and President of S & T Painting Enterprises, Inc., was the registered agent and President of S & T Painting, Inc. and operated both companies with a principal address in Spring Hill, Florida. (Dkt. 2 ¶ 10; Dkt. 2, Exs. C–D.) Both companies are, or were, operated out of Spring Hill, Florida. (*Id*.)

SMS asserts that S & T Painting Enterprises, Inc. is "a mere instrumentality, alter ego or continuation" of S & T Painting, Inc. and that S & T Painting, Inc. transferred its assets to S & T Painting Enterprises, Inc. in a "de facto merger" in an effort to hinder and delay SMS's ability to recover on the Judgment. (Dkt. 2 ¶¶ 12–16.) SMS seeks an order initiating proceedings supplementary to execution, impleading S & T Painting Enterprises, Inc. as a supplemental defendant in execution of the Judgment, and issuing a Notice to Appear to S & T Painting Enterprises, Inc. (Dkt. 2 at 6–7.) It further seeks that S & T Painting Enterprises, Inc. be added to the Judgment so that its assets may be used to satisfy the Judgment and seeks costs and reasonable attorney's fees pursuant to Section 56.29(8) of the Florida Statutes. (*Id.* ¶¶ 17–20.)

**ANALYSIS**

The Court has jurisdiction to enforce the Judgment pursuant to 28 U.S.C. § 1963. Under that statute, "[a] judgment in an action for the recovery of money or property entered in any court of appeals, district court, [or] bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal." 28 U.S.C. § 1963. Here, KHI registered a certified copy of the Judgment entered by the Bankruptcy Court with this Court. (Dkt. 1.) Specifically, the Bankruptcy Court's Clerk certified that the filing was a true and correct copy of the Judgment and that no appeal of the

Judgment was filed with the Bankruptcy Court. (*Id.*) With this registration, the Judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner," and this procedure "is in addition to other procedures provided by law for the enforcement of judgments." 28 U.S.C. § 1963.

Under Federal Rule of Civil Procedure 69, the procedure for executing a money judgment and in proceedings supplementary to and in aid of execution "must accord with the procedure of the state where the court is located," unless a federal statute applies. Fed. R. Civ. P. 69(a)(1). Here, SMS argues that Florida law governing proceedings supplementary, § 56.29, Florida Statutes, entitles it to the relief it requests in the Motion. (Dkt. 2.)

I. **Entitlement to Proceedings Supplementary**

Under Florida law, judgment creditors who file a motion and an affidavit stating that they hold an unsatisfied judgment or judgment lien are entitled to proceedings supplementary to execution. § 56.29(1), Fla. Stat. (2016). Therefore, all that is required to initiate proceedings supplementary is that "the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding." *Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012); *Longo v. Associated Limousine Servs., Inc.*, No. 4D17-516, 2018 WL 527016, at *3 (Fla. 4th DCA Jan. 24, 2018) ("[B]ecause the judgment creditor submitted a motion and affidavit in compliance with section 56.29(1), the trial court erred in denying proceedings supplementary altogether.").

Here, SMS's manager avers that S &T Painting, Inc. has failed to satisfy the Judgment, and that the Judgment and Judgment Lien Certificate "remain valid, outstanding, and unsatisfied." (Dkt. 2, Ex. B ¶¶ 7–8.) Accordingly, SMS is entitled to proceedings supplementary to execution, and the Motion is granted as to this request.

## II. Entitlement to Court's Issuing Notices to Appear

Section 56.29(2) of the Florida Statutes "governs the process for bringing third parties into proceedings supplementary." *Longo*, 2018 WL 527016, at *3, *4; *see Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. 1st DCA 2017) (citations omitted) ("After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. But the rights of any third party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests.").

The applicable statute requires the judgment creditor to, either in the initial motion and affidavit or in a supplemental affidavit, "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." § Fla. Stat. 56.29(2); 2016 Fla. Sess. Law Serv. Ch. 2016-33 (C.S.S.B. 1042) (West) (amending the former version of Section 56.29(2), which provided that when the filings required by Section 56.29(1) were made, "the court shall require the defendant in execution to appear before it or a general or special magistrate at a time and place specified by the order in the county of the defendant's residence to be examined concerning his or her property"). Upon filing the initial motion and affidavit, the court shall issue a Notice to Appear that "must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." § 56.29(2), Fla. Stat. ("Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear.").

Here, the Motion states that S & T Painting, Inc. transferred "[a]ll remaining assets" to S & T Painting Enterprises, Inc. (Dkt. 2 ¶ 12.) However, SMS also states that S & T Painting Enterprises, Inc. does not have any assets, other than de minimus assets. (*Id*. ¶ 19.) Moreover, the Motion and affidavit of SMS's manager (Dkt. 2, Ex. B), lack a description of S & T Painting Enterprises, Inc.'s property that may be applied toward the satisfaction of the Judgment as required by Section 56.29(2). Accordingly, the statutory requirements have not been met for the Court to issue a Notice to Appear to S & T Painting Enterprises, Inc. *Longo*, 2018 WL 527016, at *4 (holding that the trial court properly refused to issue Notices to Appear where the motion and affidavit failed to describe the judgment debtor's property subject to execution). Therefore, SMS's requests for the Court to implead S & T Painting Enterprises, Inc. and to issue it a Notice to Appear is denied without prejudice to allow SMS to include the required property descriptions in a supplemental motion or affidavit. § 56.29(2), Fla. Stat. (providing that the judgment creditor shall provide the property description in the motion "or in a supplemental affidavit"); *Longo*, 2018 WL 527016, at *5 (affirming the trial court's refusing to issue Notices to Appear, but explaining that the court's "affirmance on this issue is without prejudice to the judgment creditor inquiring further into the assets of the judgment debtor and submitting a supplemental affidavit in compliance with Section 56.29(2)").[1]

### III. Remaining Requests

SMS requests that the Judgment be amended to add S & T Painting Enterprises, Inc. "so that its assets may be executed upon to satisfy the aforementioned Judgment." (Dkt. 2 ¶ 17.) SMS

---

[1] As recently explained by the *Longo* court, "in cases alleging alter ego liability, the description requirement of Section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment," and need not "identify property that had been *transferred* to the impleader defendants." *Longo*, 2018 WL 527016, at *5 (emphasis in original).

also states that the "closing of S & T Painting, Inc. and opening of S & T Painting Enterprises, Inc. was a fraudulent effort to avoid the liabilities of the predecessor company." (*Id*. ¶ 15.) Section 56.29(9) allows the Court to "entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property," which is commenced "by a supplemental complaint and served as provided by the rules of civil procedure." § 56.29(9), Fla. Stat.

The Court has the power to order any property of S & T Painting Enterprises, Inc. be levied upon to satisfy the Judgment, even if the property is "in the hands of or under the control of any person subject to the Notice to Appear." § 56.29(6), Fla. Stat. ("The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt."). Further, the Court can void fraudulent transfers of personal property "and direct the sheriff to take the property to satisfy the execution." *Id.* § 56.29(3)(b), Fla. Stat.. This Court explained, however, that "there is a difference between proceeding under Florida Statutes § 56.29 and Chapter 726 to undo a fraudulent transfer of assets and, what seems to be the primary relief sought here, seeking a judgment of liability against the implead parties for existing federal judgments." *Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, No. 5:10-CV-329-OC-32PRL, 2018 WL 829126, at *2 (M.D. Fla. Feb. 12, 2018). Accordingly, SMS is ordered to include in its supplemental motion, with citation to supporting authority, clarification regarding whether it "seeks to impute liability for the underlying judgments directly on the impleaded parties, as distinguished from liability merely for the value of transferred assets." *Id.* Finally, SMS's request

for an award of reasonable attorney's fees and costs against S & T Painting Enterprises, Inc., pursuant to Section 56.29(8), is denied without prejudice.

## CONCLUSION

The Motion is granted only as to SMS's entitlement to proceedings supplementary to execution. The Motion is denied as to SMS's request for the Court to issue a Notice to Appear without prejudice to SMS to file a supplemental motion and affidavit containing the property descriptions required by Section 56.29(2) of the Florida Statutes. SMS shall attach a proposed Notice to Appear with updated property descriptions to the supplemental motion. SMS's remaining requests are denied without prejudice. *See* discussion *supra* Section III. Accordingly, it is **ORDERED** that the Motion for Proceedings Supplementary to Execution, to Implead Third Party, and for Issuance of Statutory "Notice to Appear" (Dkt. 2) is **GRANTED** in part and **DENIED** in part, without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on March 7, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party