UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KHI LIQUIDATION TRUST and SMS
FINANCIAL J, LLC,

   Plaintiffs,

v.                                                   Case No: 8:17-mc-133-T-35JSS

S&T PAINTING,

   Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Supplemental Motion to Implead Third Party and for Issuance of Statutory "Notice to Appear" ("Supplemental Motion") (Dkt. 4), filed by SMS Financial J, LLC ("SMS"), the assignee of a judgment entered in favor of KHI Liquidation Trust ("KHI") against S & T Painting, Inc. For the reasons that follow, the Supplemental Motion is granted in part and denied in part without prejudice.

## BACKGROUND

On March 7, 2018, on SMS's initial Motion for Proceeding Supplementary to Execution, to Implead Third Party, and for Issuance of Statutory "Notice to Appear" ("Initial Motion") (Dkt. 2), the Court found SMS entitled to proceedings supplementary to execution. (Dkt. 3.) The Court, however, denied the Initial Motion without prejudice as to all other requests and directed SMS to file a supplemental motion that: (1) included the property description required by Section 56.29(2) of Florida Statues for the Court's issuance of a Notices to Appear; (2) attached a proposed Notice to Appear with an updated property description; and (3) clarified the relief it sought from the third party it sought to implead. (*Id.*)

## ANALYSIS

A.  **Jurisdiction**

In the Supplemental Motion, SMS clarifies the relief it requests against third party S & T Painting Enterprise, Inc. (Dkt. 4 ¶ 11.) SMS seeks to hold S & T Painting Enterprise, Inc. liable for the judgment entered against S & T Painting, Inc. "pursuant to an alter ego/mere continuation theory of liability." (*Id*.) SMS is "not presently seeking relief under Chapter 726 relating to a specific fraudulent transfer." (*Id*. ¶ 11, n.1.)

While a federal court has ancillary jurisdiction over "a broad range" of proceedings supplementary involving the execution of federal judgments[1] as to third parties, "including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances," "ancillary jurisdiction is not justified over a new lawsuit to impose liability for a judgment on a third party." *Peacock v. Thomas*, 516 U.S. 349, 356 359 (1996); *see* Fed. R. Civ. P. 82 (explaining that procedural rules, such as Rule 69, governing the procedure for the execution of judgments, do not "extend or limit the jurisdiction of the district courts or the venue of actions in those courts").

The Supreme Court has made clear that its recognition of proceedings supplementary has not "extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment," and, importantly, it has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Compare Peacock*, 516 U.S. at 351, 356–70 (concluding that the district court lacked jurisdiction over a judgment creditor's supplementary proceeding to impose liability for a money judgment on a third party), *with Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015) (concluding that the district court had ancillary jurisdiction to void

---

[1] Because KHI registered the Judgment (Dkt. 1), the Judgment has the same effect and may be enforced as if this Court had entered it. 28 U.S.C. § 1963.

a transfer pursuant to § 56.29(6) of the Florida Statutes because the judgment creditor sought to disgorge assets the judgment debtor fraudulently transferred to a third party but did not seek "to impose liability for a judgment on a third party").

Therefore, while the Court has jurisdiction to implead S & T Painting Enterprise, Inc., and disgorge assets S & T Painting, Inc. fraudulently transferred to it, the Court lacks jurisdiction to hold S & T Painting Enterprise, Inc. liable for the Judgment unless SMS separately establishes the Court's original jurisdiction over such a claim. *See Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016) (remanding for the district court to (1) implead the judgment debtor's owner to determine whether the judgment debtor transferred funds to the owner that the owner would be required to disgorge and (2) determine whether the court had original jurisdiction over the judgment creditor's claim that the owner was individually liable for the Judgment under the alter ego doctrine); *Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, No. 5:10-CV-329-OC-32PRL, 2018 WL 829126, at *2 (M.D. Fla. Feb. 12, 2018) (impleading a third party but explaining that a complaint was statutorily required for the court to determine its jurisdiction over the judgment creditor's claims that the third party was a mere alter ego of the judgment debtor).

To hold S & T Painting Enterprise, Inc. liable for the Judgment, the proper course of action is for SMS to file and serve an impleader complaint in which it can allege its "alter ego/mere continuation theory of liability" (Dkt. 4 ¶ 11). *See Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, No. 16-15186-BB, 2017 WL 3393352, at *1 (11th Cir. June 6, 2017) (granting the judgment creditor's motion to remand to the district court to "amend its supplementary complaint against [third parties] . . . to invoke the district court's general diversity jurisdiction under 28 U.S.C. § 1332, rather that the court's more limited ancillary jurisdiction under Fla. Stat. § 56.29.");

*Morningstar Healthcare, L.L.C. v. Greystone & Co.*, No. 8:05-CV-949-T-MAP, 2008 WL 1897590, at *2 (M.D. Fla. Apr. 28, 2008) (impleading a third party and ordering the judgment creditor to file an impleader complaint seeking to hold the impleaded defendant liable for the judgment); *Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge 759, Dist. Lodge 112, AFL-CIO v. P & B Transp.*, No. 3:05-CV-1083-J-32MCR, ECF Nos. 85, 90, 91 (M.D. Fla. April 9, 2008) (same); *Ironworkers Local Union 808 Pension Fund v. Keynote Enterprises, Inc.*, No. 6:04CV11ORL22JGG, 2006 WL 1528851, at *1–2 (M.D. Fla. June 2, 2006) (same).

  B. **Notice to Appear**

Section 56.29(2) of the Florida Statutes requires the judgment creditor to, either in the initial motion and affidavit or in a supplemental affidavit, "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." § 56.29(2), Fla. Stat. Upon filing of this motion and affidavit, the court shall issue a Notice to Appear that "must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." *Id*.

SMS attaches a Notice to Appear to the Supplemental Motion, providing the following property description:

> Any property of S & T Painting Enterprise, Inc., including but not limited to real property, personal property and funds held in bank accounts, not exempt from execution in the hands of any person, or any property, debt, or other obligation due to S & T Painting Enterprise, Inc. which may be applied toward the satisfaction of the Judgment entered against S & T Painting, Inc.

(Dkt. 4, Ex. A.) "Any property" does not capture the "reasonable particularity" required by the Section 56.29(2). The Court recognizes the difficulty the 2016 amendment to Section 56.29(2) creates for property descriptions in cases involving alter ego and business continuation theories of liability, as Florida's Fourth District Court of Appeal recently explained:

Although the current statutory scheme set forth in section 56.29(2) is well-suited to fraudulent transfer cases, it is unclear if the legislature contemplated cases involving alter ego liability.

Before the 2016 amendment to section 56.29, Florida case law permitted a judgment creditor to implead third parties into proceedings supplementary based on a showing that the third parties were the alter egos of the judgment debtor. *See*, *e.g.*, *Johnson v. Merry Go Round, Inc.*, 45 So.2d 181 (Fla. 1950). For example, applying an earlier version of section 56.29, we explained that "a court may fashion an appropriate equitable remedy to afford a judgment creditor as complete relief as possible including finding a new corporation liable for a judgment against its predecessor corporation when the new corporation is merely the alter ego of the predecessor corporation." *Amjad Munim, M.D., P.A. v. Azar*, 648 So.2d 145, 150 (Fla. 4th DCA 1994).

\* \* \*

[Under the current statutory scheme, however, i]n cases where the judgment creditor is seeking to implead a third party on the basis that the third party is the alter ego of the judgment debtor (as opposed to cases where the third party is the recipient of a fraudulent transfer of property), it seems odd to require the judgment creditor to "describe any property of the judgment debtor" or "any property, debt, or other obligation due to the judgment debtor." A third party's liability under an alter ego theory is not premised upon a fraudulent transfer of the judgment debtor's property, but is instead premised on the notion that the judgment debtor and third party should be treated as the same entity.

*Longo v. Associated Limousine Servs., Inc.*, No. 4D17-516, 2018 WL 527016, at \*4–5 (Fla. 4th DCA Jan. 24, 2018). The Fourth District continued as follows:

[T]o provide clarity on remand, we conclude that in cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment.

[T]he judgment creditor's affidavit does not need to identify property that had been transferred to the impleader defendants. Because a judgment debtor and an alter ego are treated as the same entity, we find that section 56.29(2)'s required description of "any property of the judgment debtor ... or any property, debt, or other obligation due to the judgment debtor" may include property of an alleged alter ego of the judgment debtor.

*Id.* at \*5 (citation omitted).

Despite this difficulty, "the description requirement in section 56.29(2) is a clear requirement of the statute," *Longo*, 2018 WL 527016, at *5, and SMS's property descriptions in the Notices to Appear do not meet the "reasonable particularity" standard required by Section 56.29(2). At the hearing, SMS indicated its ability to provide more detailed Notices to Appear. SMS is also reminded that it can engage in discovery in aid of execution to assist it in crafting the property description. *See* Fed. R. Civ. P. 69 ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); § 56.30 Fla. Stat. (allowing judgment creditors use of all discovery mechanisms permitted under the Florida Rules of Civil Procedure and the additional ability to move for the court to examine the judgment debtor about the property subject to execution before Notices to Appear are issued); *see Longo*, 2018 WL 527016, at *3 (explaining that Florida Statutes Section 56.30 "contemplates that proceedings supplementary may be commenced, and discovery may occur, before the impleader of third parties").

For these reasons, it is **ORDERED** that the Supplemental Motion to Implead Third Party and For Issuance of Statutory "Notice to Appear" (Dkt. 4) is **GRANTED** to allow SMS to file and serve an impleader complaint to the extent SMS seeks to hold S & T Painting Enterprise, Inc. liable for the Judgment, and **DENIED** without prejudice as to all remaining requests. SMS shall file an amended Notice to Appear and file and serve an impleader complaint, again to the extent SMS

seeks to hold S & T Painting Enterprise, Inc. liable for the Judgment, within twenty (20) days.

**DONE** and **ORDERED** in Tampa, Florida, on April 10, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record